UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS SYSTEMS CONTRACTORS ASSOCIATION, INC., <br> Plaintiff, <br><br> v. <br><br> VERIZON ONLINE, LLC, and <br> COMCAST BROADBAND SECURITY, LLC, <br><br> Defendants | Civ. A. No. _____ |

## JOINT NOTICE OF REMOVAL

Defendants Comcast Broadband Security, LLC and Verizon Online LLC, pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441 *et seq.*, hereby remove to the United States District Court for the District of Massachusetts the state court action captioned *Massachusetts Systems Contractors Association, Inc. v. Verizon Online, LLC, and Comcast Broadband Security, LLC.*, No. 2012-1165-D, Worcester County Superior Court, Commonwealth of Massachusetts (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of all the state court pleadings, process, and orders received thus far is attached as Exhibit 1.

As grounds for removal, the Defendants state as follows:

1. Plaintiff Massachusetts Systems Contractors Association, Inc. ("MSCA") filed its initial Complaint in the State Court Action on June 12, 2012; however that Complaint named neither Comcast Broadband Security, LLC nor Verizon Online LLC as defendants. On June 29, 2012, MSCA filed an Amended Complaint (the "Amended Complaint") which dropped the original defendants and named Comcast Broadband Security, LLC and Verizon Online LLC as defendants. Comcast Broadband Security, LLC and Verizon Online LLC are currently the only defendants in this case. Comcast Broadband Security, LLC was served on June 29, 2012.

Verizon Online LLC was served on July 3, 2012. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b), having been filed within 30 days after receipt by both defendants of a copy of the initial pleading setting forth Plaintiff's claims for relief.

2. A civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district embracing the place where such action is pending. *See* 28 U.S.C. § 1441(a).

3. This Court has original diversity jurisdiction over any civil action between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, the citizenship of a limited liability company turns on the citizenship of its members (and of its members' members if any of those members are themselves limited liability companies). *D.B. Zwirn Special Opportunities Fund v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011).

4. At the time the State Court Action was commenced, as at the time of removal, Plaintiff MSCA was, and is, a corporation organized under the laws of Massachusetts, with a principal place of business in Sharon, Massachusetts. *See* Amended Complaint ¶ 1. Therefore, the only party residing in Massachusetts is a resident of Norfolk County.

5. Plaintiff alleges that Defendant Comcast Broadband Security, LLC is a corporation organized under the laws of Delaware with a principal place of business in Philadelphia, Pennsylvania. *See* Amended Complaint ¶ 3. This is incorrect. Comcast Broadband Security, LLC actually was, and is, a limited liability company organized under the laws of Delaware, wholly owned by CBS Holdco, LLC, which in turn is wholly owned by Comcast Holdings Corp. Comcast Holdings Corp. is a Pennsylvania corporation with a principal

place of business in Pennsylvania. Therefore, both on the face of the Amended Complaint and in actuality, Comcast Broadband Security, LLC is not a citizen of the Commonwealth of Massachusetts.

6. Plaintiff alleges that Defendant Verizon Online LLC is a corporation organized under the laws of Delaware with a principal place of business in Basking Ridge, New Jersey. *See* Amended Complaint ¶ 2. This is incorrect. Defendant Verizon Online LLC actually was, and is, a limited liability company organized under the laws of Delaware. The sole member of Verizon Online LLC is GTE Wireless Incorporated, a corporation organized under the laws of Delaware with a principal place of business in New Jersey. Therefore, both on the face of the Amended Complaint and in actuality, Verizon Online LLC is not a citizen of the Commonwealth of Massachusetts.

7. There is therefore complete diversity between Plaintiff MSCA and Defendants Comcast Broadband Security, LLC and Verizon Online LLC. *See* 28 U.S.C. § 1332(a)(1).

8. MSCA's Complaint seeks only declaratory and injunctive relief. *See* Amended Complaint at 11-12. When a plaintiff seeks nonmonetary relief, the amount in controversy is measured by "the judgment's pecuniary consequences to those involved in the litigation." *Aliberti v. GMAC Mortg.*, 779 F. Supp. 2d 242, 245 (D. Mass. 2011). MSCA seeks to enjoin Comcast Broadband Security, LLC from selling its Xfinity Home system in Massachusetts and to enjoin Verizon Online LLC from selling its Home Monitoring and Control service in Massachusetts. Given the price of each Comcast Xfinity Home unit, and the number of units Comcast Broadband Security, LLC intends to sell in the Commonwealth, such an injunction would have pecuniary consequences to Comcast Broadband Security, LLC that greatly exceed $75,000, exclusive of interest and costs. Given the sales of the Home Monitoring and Control

service that Verizon Online LLC expects to make in the Commonwealth, any such injunction would also have pecuniary consequences to Verizon Online LLC that greatly exceed $75,000, exclusive of interest and costs. In the alternative, even looking solely at the costs of obtaining the licenses and permits that MSCA alleges the Defendants should be required to obtain, the consequences of the relief sought would again exceed the $75,000 amount in controversy requirement for each Defendant.

9. Pursuant to 28 U.S.C. § 1446(b)(2)(A) and the rule of unanimity, both Defendants consent to removal, as demonstrated by the joint filing of this Notice of Removal. *See Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 27-28 (1st Cir. 2012).

10. Pursuant to 28 U.S.C. § 1446(d), the Defendants will promptly give written notice of this action to MSCA and file a copy of this Notice of Removal with the clerk of the Worcester County Superior Court, in the form attached hereto as Exhibit 2.

11. All motions pending in the State Court Action at the time of removal are identified for this Court at Exhibit 3.

12. The Defendants reserve the right to amend or supplement this Notice of Removal.

13. The Defendants reserve the right to request a jury trial on all issues.

14. The Defendants reserve all claims and defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

WHEREFORE, Comcast Broadband Security, LLC and Verizon Online LLC respectfully request that this Court assume full jurisdiction of this case as if it had been originally filed here, that further proceedings in the State Court Action immediately be stayed, and that this Court make further orders as may be just and proper.

Respectfully submitted,

COMCAST BROADBAND SECURITY, LLC

By its attorneys,

/s/ Laurence A. Schoen
Michael S. Gardener, BBO # 185040
Laurence A. Schoen, BBO # 633002
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Phone: (617) 542-6000
Fax: (617) 542-2241
Email: LSchoen@mintz.com


VERIZON ONLINE, LLC

By its attorney,

/s/ William A. Worth
William A. Worth, BBO #544086
PRINCE LOBEL TYE, LLP
100 Cambridge Street
Boston, MA 02114
Phone: (617) 456-8000
Email: waworth@princelobel.com


OF COUNSEL:

/s/ Aaron M. Panner
Aaron M. Panner (*pro hac vice* application pending)
Melanie Bostwick (*pro hac vice* application pending)
KELLOGG, HUBER, HANSEN, TODD, EVANS &
FIGEL, PLLC
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
Email: APanner@khhte.com

Dated: July 6, 2012

```
```
Proceeding:

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Joint Notice of Removal was served upon counsel of record for the Plaintiff MSCA via first class mail on July 6, 2012, to the following address:

Patricia L. Davidson, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608

/s/ Laurence A. Schoen
Laurence A. Schoen

6625207v.1